IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LARRY MARTILLUS LEE                                                                    PLAINTIFF

v.                                        Civil No. 6:22-CV-06087-SOH-BAB

CO1 GLADYS ESCOBAR, Omega Unit,
Arkansas Division of Community Correction;
ARO ABIGAIL MORROW, Omega Unit,
Arkansas Division of Community Correction;                                       DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Defendant's Motion to Dismiss, (ECF No. 10), and Plaintiff's failure to obey a Court Order and failure to prosecute this case.

**I.      BACKGROUND**

Proceeding *pro se*, Plaintiff filed this civil rights action on August 3, 2022, generally alleging that he had been denied medical care while incarcerated at the Omega Technical Violation Center in violation of his constitutional rights. (ECF No. 1). That same day, this Court granted his application to proceed *in forma pauperis* (IFP) and directed the Plaintiff to inform the Court of any new contact information within thirty (30) days of such a change, failing which it would be recommended that this matter be dismissed without prejudice for failure to prosecute. (ECF No. 4). On September 14, 2022, this Order was returned as undeliverable and marked "released." (ECF No. 8).

1

The Defendants filed a Notice of Motion, Motion, and Memorandum in Support of Motion to Dismiss on October 3, 2022, arguing that Plaintiff's official capacity claims against the Defendants were barred by sovereign immunity and his individual capacity claims were barred by qualified immunity. (ECF Nos. 10 & 11).  The Court issued an order on October 6, 2022, directing Plaintiff to respond and reminding him of his responsibility to keep the court informed of his current address. (ECF No. 12).  This Order was returned undeliverable and marked "RTS—Not at Facility" on October 14, 2022.  The Court has received no updated address from the Plaintiff and the deadline for doing so passed long ago.  In fact, the Court has not received any communication from Plaintiff since he initiated this action in August.

## II.     LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014). The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Further, the complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.  Although *pro se* complaints, such as this one, are entitled to a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must nevertheless contain specific facts in support of the claims it advances. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.     ANALYSIS

Here, Plaintiff, who was an inmate at the Omega Unit of the Arkansas Division of Community Correction ("ADCC") when he initiated this lawsuit, alleges that Defendant Escobar approached his barracks on or about June 17, 2022, and asked if anyone had "pill call." (ECF No.

1). Plaintiff claims that even though he answered in the affirmative, Defendant Escobar told him he did not have pill call, walked away, and never returned. *Id.* Plaintiff claims that he filed a grievance against Defendant Escobar, but Defendant Morrow allowed her personal relationship with Defendant Escobar to interfere with her professional responsibilities and directed the grievance to "medical" when the grievance was clearly concerning Defendant Escobar. *Id.* Plaintiff alleges that he requires antibiotics to treat an abscess in his mouth, and without them he is in pain and fears that the infection will get into his bloodstream. *Id.* Plaintiff names the defendants in both their official and individual capacities.

### A. Official Capacity Claims

Defendants argue that Plaintiff's official capacity claims against them fail as a matter of law because, as state actors, they are entitled to sovereign immunity. (ECF No. 11). This Court agrees. "Section 1983 provides no cause of action against agents of the State acting in their official capacities." *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). "The Eleventh Amendment bars such suits unless the State has waived its immunity." *Will*, 491 U.S. at 66. As the Defendants point out in their Motion to Dismiss, the State of Arkansas has not waived immunity. (ECF No. 11 at 3). Accordingly, Plaintiff's official capacity claims fail.

### B. Individual Capacity Claims

Defendants argue that the individual-capacity claims also fail. Defendants seeking dismissal of a § 1983 action based on the qualified-immunity doctrine "must show that they are entitled to qualified immunity on the face of the complaint." *Carter v. Huterson*, 831 F.3d 1104, 1107 (8th Cir. 2016). "Under the doctrine of qualified immunity, a court must dismiss a complaint against a government official in his [or her] individual capacity that fails to state a claim for

violation of clearly established statutory or constitutional rights of which a reasonable person would have known." *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). In determining whether defendants have qualified immunity, the Court asks: "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009). A § 1983 plaintiff can defeat a claim of qualified immunity only if the answer to both questions is yes. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

1. **Deliberate Indifference To A Serious Medical Need**

The Court views Plaintiff's claim as alleging deliberate indifference to a serious medical need in violation of his constitutional rights. "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To prevail on such a claim, Plaintiff must show that: "(1) he had an objectively serious medical need; and (2) [defendants] knew of and disregarded that need." *De Rossitte v. CorrectCare Solutions, LLC*, 22 F.4th 796, 802 (8th Cir. 2022). An objectively serious medical need is one that has been "diagnosed by a physician as requiring treatment or one so obvious that even a layperson would easily recognize the necessity for the doctor's attention." *Id.* (quoting *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018)) (internal quotations omitted). "The second subjective element requires [the defendants] to have recognized that a substantial risk of harm existed and known that their conduct was inappropriate in light of that risk." *Id.* (quoting *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021)). This subjective standard "is akin to criminal recklessness, requiring more than negligence." *Id.* (quoting *Blair v. Bowersox*, 929 F.3d 981, 987-88 (8th Cir. 2019)).

In this case, Plaintiff's claim fails both prongs. First, even when liberally construed, the Complaint fails to establish that Plaintiff was experiencing an "objectively serious medical need." Although Plaintiff claims that he had a mouth abscess, Plaintiff fails to allege any facts suggesting that he had been diagnosed with mouth abscess by a medical professional or that his condition was so obvious that a layperson would have recognized that it required attention. *Cf. Hartsfield v. Colburn*, 371 F.3d 454, 456 (8th Cir. 2004) (describing suffering "extreme pain from loose and infected teeth, which caused blood to seep from [plaintiff's] gums, swelling, and difficulty eating and sleeping as a need for medical attention obvious to a layperson).

Second, even if Plaintiff established that he was experiencing an objectively serious medical need, the Complaint fails to establish that Defendant Escobar "knew of but deliberately disregarded [it]." *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). Although Plaintiff claims that he told Defendant Escobar that he had "pill call," the Complaint does not allege that Plaintiff informed Defendant Escobar that he had a mouth abscess or that he was in pain or that he feared the infection would travel into his blood stream. Furthermore, the "deliberate indifference" standard requires a mental state "akin to criminal recklessness." *Jackson*, 756 F.3d at 1065. In this Court's view, the allegations in the Complaint, even taken as true, do not amount to a showing that Defendant Escobar's actions—by failing to either dispense Plaintiff's antibiotic or circle back and verify whether he had "pill call"—"were so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Cf. Jackson*, 756 F.3d at 1066-67 (concluding that doctor's failure to conduct a thorough medical exam of detainee's surgical wound was tantamount to medical malpractice and did not satisfy the deliberate indifference standard necessary to impose § 1983 liability). Thus, Plaintiff's claim against Defendant Escobar in her individual capacity fails as a matter of law.

### 2. Grievance Procedure

Defendants argue that Plaintiff's claim against Defendant Morrow for her alleged failure to process correctly his grievance against Defendant Escobar fails as a matter of law. This Court agrees.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Here, Plaintiff claims that Defendant Morrow did not properly process his grievance against Defendant Escobar. Yet, there is no "federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). Rather, "any liberty interest must be an interest in the nature of the prisoner's confinement, not an interest in the procedures by which the state believes it can best determine how he should be confined." *Id.* (internal quotations omitted). Further, it is well-established that "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Id.* (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)). Accordingly, federal courts have held that failure to process grievances, without more, is not actionable under section 1983. *See Buckley*, 997 F.2d at 495; *see also Dockery v. Houston*, 229 F. App'x 428, 428 (8th Cir. 2007) (inmates cannot "sue [under § 1983] for allegedly false statements in a grievance response"); *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam) (the denial of grievances does not establish a substantive constitutional claim); *Moore v. Thurber*, 105 F.3d 663, 663 (8th Cir. 1997) (unpublished table opinion) (holding that the "district court properly dismissed as frivolous [plaintiff's] claim that his constitutional rights were violated when [prison officials] failed to adhere to its grievance regulations"). Because Plaintiff has failed to articulate that Defendant

Morrow violated some recognized constitutional right, this Court recommends that Plaintiff's individual capacity claim against Defendant Morrow be dismissed for failure to state a claim.

### C. Failure to Prosecute

Finally, Plaintiff's failure to comply with this Court's orders and failure to prosecute this case provides an independent basis to recommend dismissal of this action without prejudice. A *pro se* litigant is not excused from complying with substantive and procedural law. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has also failed to comply with the Court's orders requiring him to maintain updated contact information with the Court. (ECF No. 4 & 12). Thus, Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), this Court also recommends that Plaintiff's Complaint be dismissed without

prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV. CONCLUSION

For the reasons discussed above, it is recommended that: : (1) Defendant's Notice of Motion and Motion to Dismiss for Failure to State a Claim (ECF No. 10) be **GRANTED**; (2) Plaintiff's Complaint (ECF. No. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim and failure to prosecute; and (3) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of November 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE